UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL J. BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:12-cv-00934-DML-JMS |
| ) | |
| MICHAEL J. ASTRUE, the Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

### Order on Motion to Remand

This matter is before the court on a motion by the Commissioner of the Social Security Administration ("Commissioner") to reverse and remand the Agency's decision for further consideration of plaintiff Michael J. Boyd's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. (Dkt. 19).

### Introduction

Mr. Boyd applied for DIB on March 23, 2011, alleging that he has been disabled since May 19, 2009. On December 22, 2011, he filed a "Critical/Dire Need request," based on his inability to afford medical treatment and housing and utilities. Acting for the Commissioner, an administrative law judge conducted a hearing on February 8, 2012. At the hearing and because he was pressured to do so by the ALJ, Mr. Boyd amended his disability onset date to July 1, 2011. The ALJ then issued a "fully favorable" decision that Mr. Boyd is disabled as of July 1, 2011. Mr. Boyd filed with the national Appeals Council a request for review based on the

ALJ's conduct at the hearing, and on May 10, 2012, the Appeals Council denied review of the ALJ's decision, rendering the ALJ's decision for the Commissioner final.  On July 9, 2012, Mr. Boyd filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision and on October 24, 2012, filed his opening brief.  His brief requests that the court reverse or remand to a different ALJ "the issue of disability from the alleged onset date of May 19, 2009 to June 30, 2011."[1]

The transcript of the hearing before the ALJ demonstrates that the ALJ pressured Mr. Boyd to change his disability onset date because Mr. Boyd had received unemployment benefits through July 2011.  (R. 68-73).  The ALJ determined that Mr. Boyd was prohibited from claiming that he was disabled during a time that he collected unemployment benefits (*id.*), and his decision (R. 9-14) reflects a substantive evaluation of Mr. Boyd's disability only after July 1, 2011.

## The Commissioner's Remand Motion

The Commissioner's motion to remand acknowledges that while a claimant's receipt of unemployment benefits is evidence relevant to the ultimate issue of disability, it does not, without more, preclude receipt of Social Security disability benefits.  The Commissioner agrees with Mr. Boyd's contention that the ALJ erred, and that his refusal to substantively evaluate Mr. Boyd's claim of disability for the period May 18, 2009 through June 30, 2011, was contrary to Agency policy.  The Commissioner requests that the court remand to the ALJ with instructions to:

---

[1] The parties consented to the magistrate judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

(1) allow Plaintiff to submit any additional evidence pertaining to his medical condition(s) for the period from May 18, 2009 through June 30, 2011;

(2) conduct a new administrative hearing, with medical expert testimony as to the date when Plaintiff's impairments became disabling and/or the severity of those impairments and the extent of any resulting functional limitations during the time period at issue, if warranted under Social Security Ruling 83-20 or otherwise;

(3) further consider Plaintiff's residual functional capacity during the time period at issue on the updated record, citing specific evidence in support of the assessed limitations;

(4) determine whether Plaintiff's receipt of unemployment benefits can be reconciled with his subsequent application for Title II benefits during the same period;

(5) further consider whether Plaintiff has past relevant work he could perform during the relevant time period, given the limitations established by the evidence;  and

(6) as appropriate, secure supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base.

Further, the Commissioner agrees that the "ALJ will further be limited to addressing the period from May 18, 2009, through June 30, 2011, and instructed that the earlier allowance of Plaintiff's disability insurance benefits claim from July 1, 2011 forward will not be disturbed." (Commissioner's proposed order at Dkt. 19-1).

Mr. Boyd argues that, instead of remand to the ALJ, the court should direct an award of disability benefits for the period May 18, 2009 to June 30, 2011, because the evidence before the ALJ at the previous hearing "supports clear entitlement to benefits" for this period. (Dkt. 21 at p. 1). If the court declines to

direct an award of benefits and remands with the instructions proposed by the Commissioner (with which he has no disagreement if remand is ordered, *id.* at p. 4), Mr. Boyd requests that a different ALJ be assigned on remand.

The Commissioner's motion and Mr. Boyd's response thus present two issues for the court's decision: (1) whether the court should, instead of ordering remand, direct an award of benefits to Mr. Boyd and (2) whether, if the court orders remand, a different ALJ should be assigned to conduct the proceedings.

## **Remand or an Award of Benefits**

The court may affirm, reverse, or modify the Commissioner's final disability decision, with or without remanding the case for further proceedings. 42 U.S.C. § 405(g). It may instruct the Commissioner to calculate and award benefits to the plaintiff. *Campbell v. Shalala,* 988 F.2d 741, 744 (7th Cir.1993). A court should direct the Commissioner to calculate and award benefits only "if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F. 3d 411, 415 (7th Cir. 2011); *see also Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005) ("It remains true that an award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability.")

Mr. Boyd contends there is no conflicting evidence of disability status for the May 2009 to June 2011 period. He asserts that based on the RFC formulated by the ALJ in his decision and Mr. Boyd's vocational factors, the Medical-Vocational

Guidelines (known as the "grids") direct a finding of "disabled." Accordingly, Mr. Boyd maintains that a remand is unnecessary and wastes judicial resources.

The Commissioner responds that the ALJ's decision reflects that he evaluated only whether Mr. Boyd was disabled on July 1, 2011 and after, and did not substantively evaluate the evidence as applied to the period May 18, 2009, through June 30, 2011. The ALJ's decision bears out this characterization. The Commissioner notes that the ALJ's evaluation of Mr. Boyd's residual functional capacity on and after July 1, 2011, does not inexorably mean that the same RFC applies to the prior period, and it is necessary for the ALJ to evaluate all relevant evidence to determine when Mr. Boyd became disabled. Here, the ALJ identified July 1, 2011, not as the clear onset date of disability based on the severity of Mr. Boyd's impairments, but as the earliest date he would consider that Mr. Boyd was disabled. (R. 71-73). So although the ALJ determined Mr. Boyd was disabled, he never expressly evaluated disability onset date.

Under SSR 83–20, an ALJ must consider three factors when determining the onset date of disabilities: (1) the claimant's alleged onset date; (2) the claimant's work history; and (3) medical and all other relevant evidence. *Briscoe*, 425 F.3d at 353. The ALJ here focused on the second factor because he viewed Mr. Boyd's receipt of unemployment benefits as establishing a time period during which Mr. Boyd could not also be disabled under the Act. The ALJ clearly was not aware of the SSA's policy that receipt of unemployment benefits does not conclusively preclude a finding of disability. His misapprehension led him to assert that it's

5

fraud to collect unemployment benefits and then claim disability under the Act for the same period and to pressure Mr. Boyd to amend his onset date, which Mr. Boyd did. As a result, the ALJ did not then consider the above three relevant factors to determine the onset date of Mr. Boyd's disability.

The court is persuaded by the Commissioner's showing that because the ALJ never identified the disability onset date through properly weighing the relevant factors, "all factual issues involved in the entitlement determination have [*not*] been resolved," thus making an award of benefits by the court inappropriate in this case. *Allord,* 632 F.3d at 415.

Remand is appropriate with the instructions requested by the Commissioner.

### Use of a Different ALJ

"Courts can suggest but cannot require a change of administrative law judges, unless the administrative law judge has demonstrated a degree of bias . . . that would disqualify him as a matter of due process from further participation in the litigation." *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 386 (7th Cir. 2010) (citations omitted). SSA's own regulation disqualifies an ALJ who demonstrates such bias. *Id.* A court may suggest that the Commissioner assign a different ALJ where a "fresh evaluation" by a new judge is appropriate even though a degree of bias violative of due process is not found. *See Lidy v. Sullivan,* 745 F. Supp. 1411, 1417-19 (S.D. Ind. 1989) (canvassing case authority regarding remand to a different ALJ).

Mr. Boyd argues that the ALJ's bias is demonstrated by his pressuring of Mr. Boyd to amend his alleged onset date. He asserts that this bias is a "legitimate, compelling reason to have a different ALJ perform the ordered task on remand," a standard addressed by this court in *Lidy,* 745 F. Supp. at 1418 (S.D. Ind. 1989). In *Lidy,* the court stated that to determine whether a "legitimate, compelling reason" for a different ALJ on remand exists, a comparison of the bases for the ALJ's errors leading to remand with the tasks assigned on remand is helpful to deciding whether unintentional biases (pre-conceived conclusions) may affect decision-making on remand. *Id.* at 1417-18. The court explained:

> For instance, in a case where the ALJ is found to have erred at Step 4, there would presumably be no compelling reason to send the case to a different ALJ for the Step 5 determination in light of the fact that the original ALJ never ventured into this final stage of the sequential evaluation. On the other hand, a case like today's, wherein the ALJ has played trier of fact throughout all steps of the sequential evaluation but might not have applied the proper burden of proof, might be a prime candidate for remand to a different ALJ.

*Id.*

As noted above, it appears to the court that the ALJ simply was not aware of the SSA's policy that the receipt of unemployment benefits does not preclude a finding of disability. *See also Richards v. Astrue,* 370 Fed. Appx. 727, 732 (7th Cir. Apr. 13, 2010) (claimant may have good reasons for collecting unemployment benefits and certifying an ability to work even though he was, in fact, disabled at the time). The ALJ's ignorance of SSA's policy does not amount to bias, and the court has no reason to conclude that the ALJ will fail on remand evaluate properly all evidence relevant to determining disability for the period May 18, 2009, through

7

June 30, 2011, a time frame that he did not address before. The court therefore declines to recommend that the Commissioner assign a new ALJ on remand.

## Conclusion

For the foregoing reasons, the Commissioner's motion to remand (Dkt. 19) is GRANTED. The court hereby enters a JUDGMENT reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g), with remand to the Commissioner for further administrative proceedings.

On remand, the ALJ will take the following actions:

(1) Allow plaintiff Michael J. Boyd to submit any additional evidence pertaining to his medical condition(s) for the period from May 18, 2009 through June 30, 2011;

(2) Conduct a new administrative hearing, with medical expert testimony as to the date when Plaintiff's impairments became disabling and/or the severity of those impairments and the extent of any resulting functional limitations during the time period at issue, if warranted under Social Security Ruling 83-20 or otherwise;

(3) Further consider Plaintiff's residual functional capacity during the time period at issue on the updated record, citing specific evidence in support of the assessed limitations;

(4) Determine whether Plaintiff's receipt of unemployment benefits can be reconciled with his subsequent application for Title II benefits during the same period;

(5) Further consider whether Plaintiff has past relevant work he could perform during the relevant time period, given the limitations established by the evidence;  and

(6) As appropriate, secure supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base.

(7) The ALJ will further be limited to addressing the period from May 18, 2009 through June 30, 2011, and instructed that the earlier

>   allowance of Plaintiff's disability insurance benefits claim from July 1, 2011 forward will not be disturbed.

**So ORDERED.**

Date: 03/14/2013

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system